UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY S. SHUPE, aka JEFFREY S. SHUPE; and OLIVIA J. SHUPE,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC; BANK OF AMERICA, N.A.; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-B; and DOES 1 through 25, inclusive,<br><br>Defendants. | No. 2:16-cv-01221-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

    Plaintiffs Jeffery S. Shupe, aka Jeffrey S. Shupe, and Olivia J. Shupe originally brought this lawsuit against Defendants Nationstar Mortgage LLC; Bank of America, N.A.; and U.S. Bank, National Association in state court, alleging various violations of California state law in the handling of Plaintiffs' mortgage. Defendants removed the suit to this Court, ECF No. 1, and Plaintiffs voluntarily dismissed Bank of America as a defendant with prejudice, ECF No. 13. Plaintiffs ultimately filed a Second Amended Complaint ("SAC"), ECF No. 17, and now before the Court is Defendants' Motion to

Dismiss ("MTD") that complaint for failure to state a claim, ECF No. 21. For the reasons that follow, Defendants' MTD is GRANTED.[1]

## BACKGROUND[2]

In 2006, Plaintiffs executed a Deed of Trust and Adjustable Rate Note to borrow $862,500 from Bank of America, N.A. ("BANA"). In 2011, Plaintiffs fell behind on their loan payments. In response, BANA assigned its interest under the Deed of Trust to U.S. Bank, and a Notice of Default was recorded on the property.

In 2012, Plaintiffs filed for Chapter 13 bankruptcy. U.S. Bank objected to Plaintiffs' Chapter 13 Plan, and Plaintiffs failed to pursue the bankruptcy, resulting in its dismissal.[3]

In 2013, Nationstar became the servicer of Plaintiffs' loan, and subsequently, Plaintiffs engaged Nationstar in discussions to explore loan modification options and other foreclosure alternatives. Nationstar initially refused to consider foreclosure alternatives due to the loan being coded as "in bankruptcy." Eventually, though, Nationstar reviewed a loan modification application from Plaintiffs, and the application was denied on April 14, 2016, on the basis of "negative disposable income." Plaintiffs appealed this decision; Nationstar processed the appeal, and eventually denied the appeal on June 3, 2016.

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. L. R. 230(g).

[2] Unless otherwise noted, the allegations in this section are drawn directly from the allegations of Plaintiffs' SAC.

[3] Defendants filed several documents and a Request for Judicial Notice to expound the circumstances surrounding the various bankruptcies and assignments related to the case. ECF No. 22. Plaintiffs objected to the Court taking notice of only one of the documents. See Pls.' Opp'n to Req. for Judicial Not., ECF No. 24, at 1. The submitted documents, though, have no bearing on the disposition of the current Motion before the Court. The Court does, however, rely on the bankruptcy court's dismissal order to accurately describe the reason for the dismissal. See Req. for Judicial Not., Ex. H, ECF No. 22-1.

In response, Plaintiffs filed suit, alleging Defendants violated California's Homeowner Bill of Rights ("HBOR"), instituted a wrongful foreclosure, negligently handled Plaintiffs' loan modification application, and that these violations constitute unlawful, unfair, or fraudulent business practices under California's Unfair Competition Law ("UCL").  Plaintiffs seek damages, injunctive relief, and declaratory relief. Defendants assert that Plaintiffs have failed to state a claim, and accordingly have moved to dismiss the case under Federal Rule of Civil Procedure ("Rule") 12(b)(6).

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (citation omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

1 Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 555 n.3 (citation omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94–95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///

///

# ANALYSIS

Plaintiffs allege four separate violations of HBOR (Cal. Civ. Code §§ 2923.6, 2923.7, 2924.10, 2924), along with causes of action for negligence and violations of the California's UCL. They also seek to quiet title to their property as well as declarative relief. Each cause of action is addressed below in turn.

### A. Violation of California Civil Code § 2923.6

Part of HBOR, California Civil Code § 2923.6 places restrictions on the recording of Notices of Default or Notices of Trustee's Sale while a loan modification application is pending. Defendants argue that they have fully complied with § 2923.6, and indeed Plaintiffs concede in their opposition that Defendants "are not currently in violation" of § 2923.6. Pls.' Opp'n to MTD, ECF No. 23, at 13. Accordingly, the first cause of action is DISMISSED.

### B. Violation of California Civil Code § 2923.7

Also part of HBOR, California Civil Code § 2923.7 requires the provision of a single point of contact ("SPOC") in relation to a request for a mortgage modification. Plaintiffs allege that they requested a SPOC when they completed their loan modification application in February 2016. SAC, ¶ 43. However, Plaintiffs aver, they were "repeatedly re-assigned to new representatives, none of whom returned Plaintiffs' calls or faxes." Id. ¶ 44.

Plaintiffs, however, fail to provide any factual support to these conclusory allegations. They give no details that would give Defendants fair notice of the claims made against them, such as whom was assigned as their representatives or when Plaintiffs attempted to contact their assigned representatives.

Furthermore, a violation of § 2923.7 is actionable only when that violation is material. A material violation is one where "the alleged violation affected a plaintiff's loan obligations or the modification process." Cornejo v. Ocwen Loan Servicing, LLC, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015). Here, Plaintiffs' application was

1 processed and Plaintiffs were given an opportunity to appeal its denial. SAC, ¶¶ 31–32.
2 Plaintiffs have not explained how the alleged denial of their right to a SPOC in any way
3 affected their loan obligations or the modification process.

4     Plaintiffs' claims for relief also fail. Violations of § 2923.7, as dictated in
5 § 2924.12, can support either injunctive or monetary relief. Monetary relief is only
6 available after a foreclosure sale has been recorded. Cal. Civ. Code § 2924.12(b).
7 Injunctive relief is available prior to such a sale. Id. § 2924.12(a). Plaintiffs here appear
8 to seek both kinds of relief.

9     No foreclosure sale has been recorded—a Notice of Trustee's Sale was filed in
10 2012, but was rescinded later that same year—rendering monetary relief unavailable.
11 Furthermore, injunctive relief is available only if a foreclosure sale is pending. See, e.g.,
12 Tobin v. Nationstar Mortg., Inc., No. 2:16-cv-00836-CAS (ASX), 2016 WL 1948786, at
13 *11 (C.D. Cal. May 6, 2016) ("[A] plaintiff is only entitled to injunctive relief as to a
14 pending foreclosure sale. . . . [P]laintiff must show that his home has been foreclosed
15 upon or that a foreclosure sale is pending; otherwise, these claims fail as a matter of
16 law." (citation omitted)); Johnson v. Select Portfolio Servicing, Inc., No. CV 15-9231-JFW
17 (ASx), 2016 WL 837895, at *3 (C.D. Cal. Mar. 3, 2016) ("Plaintiffs are not entitled to
18 injunctive relief pursuant to Section 2924.10 because no foreclosure proceedings are
19 pending."). Though they claim that they "remain in active foreclosure," SAC, ¶ 34,
20 Plaintiffs provide no factual support for this assertion and in fact admit that no
21 foreclosure sale is actually pending, see Pls.' Opp'n to MTD, at 6. Thus, even if Plaintiffs
22 adequately pled a material violation of § 2923.7, they are not entitled to any relief.
23 Accordingly, the second cause of action is DISMISSED as well.

24     **C.    Violation of California Civil Code § 2924.10**

25     Also part of HBOR, California Civil Code § 2924.10 requires mortgage servicers
26 to provide written acknowledgement of the receipt of documents "[w]hen a borrower
27 submits a complete first lien modification application." Cal. Civ. Code § 2924.10(a).
28 ///

Section 2924.10 also requires mortgage servicers to include certain information in "its initial acknowledgment of receipt of the loan modification application." Id.

Plaintiffs here allege that they received no such written acknowledgement or information after they submitted a complete application on February 16, 2016. SAC, ¶¶ 55–56. Similar to violations of § 2923.7, violations of § 2924.10 are actionable only when such violations are material. Plaintiffs have provided no facts that support a finding that any violations of § 2924.10 were material since Plaintiffs' application was evaluated by Defendants. See SAC, ¶ 31.

Furthermore, again as with Plaintiffs' claims under § 2923.7, Plaintiffs are not entitled to injunctive relief because no foreclosure sale is pending. Accordingly, Defendants' Motion is GRANTED as to Plaintiffs' third cause of action.

### D. Violation of Cal. Civ. Code § 2924

In Plaintiffs' fourth cause of action under HBOR, they allege that the Notice of Default placed on their property is "void as a matter of law" because it contains incorrect information such as the property address. SAC, ¶ 68. Accordingly, they seek injunctive relief rescinding the Notice as void. Id. ¶ 71.

Defendants argue that Plaintiffs' claim must fail because the Notice was recorded by a non-party—BANA—and because the three-year statute of limitations lapsed—the Notice was recorded five years ago. Defs.' MTD, at 12–13. Plaintiffs do not contest the applicable statute of limitations, but instead argue that injunctive relief is available because "[a] nonjudicial foreclosure sale under the power of sale in a deed of trust or mortgage . . . must be conducted in strict compliance with its provisions and applicable statutory law." Pls.' Opp'n to MTD, at 14 (citing Coppola v. Superior Court, 211 Cal. App. 3d 848, 868 (1989)).

Plaintiffs' argument suffers the same defect as their second and third causes of action: Plaintiffs have not alleged that any foreclosure sale is currently pending. Accordingly, the fourth cause of action is DISMISSED.

///

**E.     Negligence**

Defendants argue Plaintiffs' negligence claim is deficient because Defendants owed Plaintiffs no duty of care.  Defs.' MTD, at 14–15.

Under California law, it is unclear whether lenders owe borrowers a duty of care when considering loan modification applications.  See Carbajal v. Wells Fargo Bank, N.A., No. CV 14-7851 PSG (PLAx), 2015 WL 2454054, at *4–5 (C.D. Cal. Apr. 10, 2013).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991).  However, that rule is not absolute.  Courts, instead, apply the so-called Biakanja factors to determine whether a duty is owed:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

Id. (alterations in original) (citations omitted).

In Lueras v. BAC Home Loans Servicing L.P., 221 Cal. App. 4th 49 (2013), the court applied these factors to find that the lender–defendant "did not have a common law duty of care to offer, consider, or approve a loan modification" and dismissed the complaint, id. at 68.  However, in Alvarez v. BAC Home Loans Servicing, L.P., 228 Cal. App. 4th 941 (2014), the court applied the Biakanja factors to find a duty where "defendants allegedly agreed to consider modification of the plaintiffs' loans," id. at 948.

Defendants acknowledge this split in authority, and argue that Leuras is the better-reasoned decision.  Defs.' MTD, at 15.  Most federal courts sitting in California seem to agree.  See Harris v. Wells Fargo Bank, No. 5:16-cv-00645-CAS (KKx), 2016 WL 3410161, at *6 (C.D. Cal. June 15, 2016).  Furthermore, the Ninth Circuit also appears to find the Leuras line of cases more persuasive.  See Anderson v. Deutsche Bank Nat'l Trust Co. Ams., 2016 WL 2343248, at *1 (9th Cir. May 4, 2016) (mem.) (citing

1  Leuras, 221 Cal. App. 4th at 68) ("Although the California Supreme Court has not
2  addressed the question of whether a loan servicer owes a common law duty to approve
3  a loan modification application within a particular time frame, we conclude that
4  application of the Biakanja factors does not support imposition of such a duty where, as
5  here, the borrowers' negligence claims are based on allegations of delays in the
6  processing of their loan modification applications." (footnote omitted)); Badame v. J.P.
7  Morgan Chase Bank, N.A., 641 F. App'x 707, 709 (9th Cir. 2016) (mem.) ("Plaintiffs
8  failed to show that they met the first element of a negligence claim, because Chase did
9  not have 'a common law duty of care to offer, consider, or approve a loan modification.'"
10 (quoting Leuras, 221 Cal. App. 4th at 68)); Deschaine v. IndyMac Mortg. Servs.,
11 617 F. App'x 690, 693 (9th Cir. 2015) (mem.) ("IndyMac did not have 'a common law
12 duty of care to offer, consider, or approve a loan modification, or to explore and to offer
13 [Deschaine] foreclosure alternatives.'" (alteration in original) (quoting Leuras,
14 221 Cal. App. 4th at 68))).

15      This Court agrees that the Leuras court is more persuasive. Loan modifications
16 are essentially arms-length negotiations that impose no common law duties upon
17 borrowers. Instead, a borrower and lender's "rights, duties, and obligations . . . [a]re set
18 forth in the note and deed of trust, the Forbearance Agreement, federal and state
19 statutes and regulations, and the directives and announcements of the United States
20 Department of the Treasury and Fannie Mae." Leuras, 221 Cal. App. 4th at 68.

21      Thus, Plaintiffs' negligence claim is DISMISSED with prejudice

### F. Violations of the UCL

23 Plaintiffs claim that Defendants committed "unlawful, unfair, or fraudulent" acts
24 that make out a cause of action under the UCL. See SAC, ¶¶100–101. Their SAC also
25 breaks out the different alleged acts between the labels of unlawful, unfair, or fraudulent.
26 See id. ¶¶ 86–98. The allegedly unlawful acts committed by Defendants underpinning
27 Plaintiffs' UCL claim are largely duplicative of the first through fifth causes of action. To
28 the extent Plaintiffs' UCL claim alleges additional statutory violations, the allegations are

fully conclusory and wholly devoid of facts. The alleged acts Plaintiffs claim to be unfair or fraudulent are also almost completely devoid of facts. Accordingly, these conclusory allegations cannot support a claim under the UCL.

Moreover, as for the alleged violations set out in the first through fifth causes of action, a claim under the UCL must also allege (1) that Plaintiffs suffered an economic injury and (2) that the alleged injury was a result of the violations. Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011). Plaintiffs argue that a pending nonjudicial foreclosure sale satisfies the "economic injury" prong of the UCL. Pls.' Opp'n to MTD, at 18. They also allege that because Defendants "refused to review Plaintiff[s] for a loan modification, . . . interest, penalties and fees continued to accumulate the balance of their loan." Id. However, as discussed above, Plaintiffs have not alleged that a foreclosure sale is actually pending. Furthermore, Defendants have not refused to review Plaintiffs for a loan modification. To the contrary, Plaintiffs admit that Nationstar reviewed their application in April of 2016. SAC, ¶ 31.

Even if Nationstar unlawfully delayed reviewing Plaintiffs' application, Plaintiffs have failed to establish causation between any delay and an economic harm. Plaintiffs' application was denied, and therefore any "interest, penalties and fees" would have continued to accumulate regardless of whether Nationstar reviewed their application promptly or after an unlawful delay. Therefore, Plaintiffs' UCL claim is DISMISSED.

G. Quiet Title

Plaintiffs claim "Defendants . . . have no right to title or interest in" their property, SAC ¶ 108, but they provide no reason why this is so. Plaintiffs appear to be asking the Court to set aside a foreclosure sale of their property, but as already explained, Plaintiffs have not alleged that any foreclosure sale has occurred or is pending. There are no allegations that Defendants' interest in the home is invalid and Plaintiffs have not tendered the full debt that forms the basis of that interest. Accordingly, Defendants' Motion to Dismiss Plaintiffs' quiet title claim is GRANTED.

///

### H.   Declarative Relief

Though styled as a separate cause of action in Plaintiffs' SAC, their claim for declarative relief is duplicative of their other causes of action.  Therefore, it too is DISMISSED.

### CONCLUSION

For the reasons articulated above, Defendants' MTD, ECF No. 21, is GRANTED. Aside from the fifth cause of action, which is barred as a matter of law, the dismissal is without prejudice.  Not later than twenty (20) days following the date this order is electronically filed, Plaintiffs may (but are not required to) file an amended complaint.  If no amended complaint is filed, this action will be dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  January 31, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE